■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORYS LEBRON, Appellant. [751 NYS2d 22] —Judgment, Supreme Court, Bronx County (Roger Hayes, J.), rendered January 24, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made on the basis of the prosecutor's use, during his opening statement, of phrasing such as "You will hear from the defendant," without explaining that what he meant was that he would be introducing defendant's grand jury testimony and other statements during the trial, and not that defendant would be testifying. The court prevented any prejudice by delivering a thorough curative instruction,

which explained to the jury precisely what the prosecutor was referring to, and instructed the jury not to draw an adverse inference in the event that defendant did not testify, an instruction that had already been given during voir dire and that was repeated in the court's charge at the end of the trial (*see People v Maldonado*, 282 AD2d 289, *lv denied* 96 NY2d 864). While defendant claims that the curative instruction was not sufficiently prompt, we note that defendant did not object during the prosecutor's opening, when the court could have taken immediate action, and only objected after the jury had already been excused for a two-day hiatus in the trial.

Defendant's challenge to a comment by the prosecutor made in response to an outburst by defendant that interrupted the prosecutor's summation is not exempt from the requirement of preservation, since there was no unambiguous comment on defendant's failure to testify (*see People v Burke*, 72 NY2d 833, 836), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the prosecutor made no effort to invite the jury to draw a negative inference, and, by directing the jury to disregard the prosecutor's remark, the court prevented any prejudice. Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.